**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| **GAUDALUPE MARTINEZ**<br><br>***Plaintiff,***<br><br>**v.**<br><br>**R. MARLEY, LLC**<br><br>***Defendant.*** | **Civil No.** 2:25-cv-00667-KG-JHR<br><br>FIRST AMENDED<br>**CLASS ACTION COMPLAINT** |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Gaudalupe Martinez ("Plaintiff"), individually and on behalf of all persons similarly situated, files this First Amended Class Action Complaint against Defendant, R. Marley, LLC ("Defendant"), seeking all available relief under the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-19, et seq. ("NMMWA").

**PRELIMINARY STATEMENT OF FACTS**

1. Plaintiff brings this lawsuit against Defendant to recover unpaid overtime wages and other damages under the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-19, et seq., ("NMMWA").

2. Defendant provides logistics services in New Mexico, and employs approximately one hundred truck drivers to carry out its core business.

3. For example, Defendant employs truck drivers, including Plaintiff, who are tasked with hauling loads of sand and other oil field materials to various sites in New Mexico.

4. Defendant employed Plaintiff and other non-exempt truck drivers to haul loads for Defendant in New Mexico, but failed to properly pay them for overtime hours worked at the legally

required rate in violation of the NMMWA, N.M. Stat. § 50-4-22(D).

5. Plaintiff was not subject to the maximum hour requirements set forth in 49 U.S.C. § 31502. Therefore, Defendant routinely scheduled Plaintiff and the other truck drivers to work more than forty hours each week.

6. Indeed, Plaintiff and the other truck drivers regularly worked over forty (40) hours in each workweek.

7. However, Defendant failed to pay Plaintiff and its other truck drivers overtime wages at one and one-half their regular rate of pay for the hours they worked over forty in a week as required by the NMMWA.

## PARTIES

8. The Named Plaintiff, Gaudalupe Martinez, is an adult citizenof Port Isabel, Texas. Plaintiff was employed by Defendant in New Mexico from approximately September of 2023 until approximately November or December of 2023. During his employment with Defendant, Plaintiff worked as a truck driver in the State of New Mexico. During his employment with Defendant, Plaintiff routinely worked more than forty hours in a week. However, Defendant did not pay Plaintiff any overtime premium for any of the hours he worked over forty in a week.

9. Plaintiff seeks to represent a class of similarly situated Truck Drivers under NMMWA pursuant to Federal Rule of Civil Procedure 23. The NMMWA Class sought to be certified is defined as:

> **All of Defendant's current and former truck drivers who hauled loads in New Mexico, worked over forty hours in at least one week, and were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty hours.**

10. Defendant R. Marley, LLC ("R. Marley" or "Defendant"), is a limited liability company formed under the laws of New Mexico. Defendant maintains its principal place of

business in New Mexico at 121 W 3rd St, Roswell, NM 88201. Defendant conducts substantial portions of its business in New Mexico. In addition to Plaintiff, Defendant employs other truck drivers to work in New Mexico. Defendant was properly served..

11. Plaintiff brings his NMMWA claim as a Rule 23 class action on behalf of all other persons similarly situated ("New Mexico Class Members"). The New Mexico Class Members are defined as: all of Defendant's current and former truck drivers who hauled loads in New Mexico, worked over forty hours in at least one week, and were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty hours.

**JURISDICTION AND VENUE**

12. Defendant is a limited liability company formed under the laws of New Mexico. In addition, Defendant maintains its principal place of business in New Mexico. Therefore, Defendant is subject to personal jurisdiction in New Mexico.

13. This Court has subject matter jurisdiction over the claims in this complaint pursuant to 28 U.S.C. § 1332(d) because (1) this case involves over 100 New Mexico Class Members; (2) the New Mexico Class Members' total claims exceed $5,000,000,00 in the aggregate, exclusive of costs or interest; and (3) at least one New Mexico Class Member is a citizen of a different state than Defendant.

14. In addition, or in the alternative, this Court has diversity jurisdiction over this matter because (1) Plaintiff is a citizen of Texas and Defendant is a resident of New Mexico; and (2) the amount in controversy exceeds $75,000.00.

**NMMWA COVERAGE FACTS**

15. At all relevant times, Defendant acted, directly or indirectly, in the interest of an

employer with respect to Plaintiff and the New Mexico Class Members.

16. At all relevant times, Defendant constituted an employer within the meaning of NMMWA and specifically NM STAT ANN. § 50-4-21(B).

17. At all relevant times, Plaintiff and the New Mexico Class Members constituted individual employees employed by an employer as the term "employee" is defined under NM STAT ANN. § 50-4-21(C).

**FACTUAL ALLEGATIONS RELATING TO NMMWA VIOLATIONS**

18. Defendant has continuously conducted business in this judicial district over the last three (3) years and since it began failing to pay truck drivers who worked in New Mexico overtime wages for hours worked in excess of forty hours per week.

19. Defendant is "logistics" company located in Roswell, New Mexico.

20. Defendant operates its business in New Mexico and employs truck drivers, including Plaintiff, to carry out its core business.

21. As part of its operations it employs numerous truck drivers haul loads of materials (e.g., sand and other products necessary for use in oil fields) and deliver such materials to various sites in New Mexico.

22. Plaintiff was hired by Defendant to work as a truck driver to perform these duties from approximately September of 2023 until approximately November or December of 2023.

23. The New Mexico Class Members are individuals worked for Defendant performing the same or substantially similar job duties as Plaintiff.

24. Plaintiff and the New Mexico Class Members were subjected to the same or similar illegal pay practices for similar work.

25. Plaintiff and the New Mexico Class Members regularly worked more than forty

hours in a week. Specifically, Plaintiff and the New Mexico Class Members were typically scheduled for 12-to-14-hour shifts. However, despite regularly working more than forty hours each week, Defendant failed to compensate Plaintiff and the New Mexico Class Members an overtime premium of one and one-half their regular rate of pay for any of the hours they worked in excess of forty hours each week.

26. Defendant did not pay Plaintiff or the New Mexico Class Members overtime compensation at any time during the three years preceding the filing of this lawsuit.

27. Instead, Defendant paid Plaintiff and the New Mexico Class Members partially fixed and partially variable rates based on the number of loads delivered.

28. In other words, Defendant classified the New Mexico Class Members as exempt from overtime and therefore failed to compensate them at one and one-half times their regular rate of pay for each hour they worked over forty in a week.

29. Throughout his employment with Defendant, Defendant unlawfully classified Plaintiff as exempt from overtime and thus Plaintiff was not compensated at one and one-half times his regular hourly rate of pay for all hours worked in excess of forty hours in each workweek – even though Defendant scheduled him to work more than forty hours each week.

30. Plaintiff regularly worked in excess of forty hours each work week during his employment with Defendant.

## NEW MEXICO CLASS ACTION ALLEGATIONS

31. The above and foregoing paragraphs are incorporated herein as if set forth in full.

32. Plaintiff seeks to represent a class of similarly situated Truck Drivers under NMMWA pursuant to Federal Rule of Civil Procedure 23. The New Mexico Class sought to be certified is defined as:

> **All of Defendant's current and former truck drivers who hauled loads in New Mexico, worked over forty hours in at least one week, and were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty hours.**

33. The members of the New Mexico Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than 100 members of the New Mexico Class.

34. While the precise number of the New Mexico Class Members is unknown, at least 100 New Mexico Class Members work or worked for Defendant in at least one workweek of more than forty hours in New Mexico throughout the time period Defendant's continuing course of conduct occurred.

35. Plaintiff and the New Mexico Class Members were all improperly classified as exempt and not afforded the overtime compensation when they worked in excess of forty hours per week. Defendant's failure to pay wages and overtime compensation at the rates required by the NMMWA result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the New Mexico Class Members. Plaintiff's claims are therefore typical of the claims of the New Mexico Class Members.

36. Plaintiff will fairly and adequately represent and protect the interests of the New Mexico Class because there is no conflict between the claims of Plaintiff and those of the New Mexico Class. Plaintiff's counsel is competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases similar to this case.

37. There are questions of law and fact common to the proposed New Mexico Class, which predominate over any questions affecting only individual members, including, without limitation:

a. whether Defendant has violated and continues to violate statutory and common law

through its policies or practices of not paying the New Mexico Class Members at one and one-half times their regular hourly rates of pay for hours worked in excess of forty hours in each workweek;

b. The proper measure of damages sustained by the New Mexico Class Members; and

c. whether Defendant should be enjoined for such violations in the future.

38. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2). Defendant acted or refused to act on grounds generally applicable to the New Mexico Class Members. Final injunctive and/or declaratory relief is appropriate to the New Mexico Class Members as a whole.

39. Plaintiff's claims are typical of the claims of the New Mexico Class in the following ways, without limitation: (a) Plaintiff is a member of the New Mexico Class; (b) Plaintiff's claims arise from the same policies, practices, and course of conduct that form the basis of the claims of the New Mexico Class; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the New Mexico Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the New Mexico Class Members; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by the New Mexico Class Members.

40. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New Mexico Class predominate over any questions affecting only individual Class Members.

41. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions

would entail.

42. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy because—in the context of wage and hour litigation— individuals lack the financial resources to vigorously prosecute lawsuits against large corporations.

43. Members of the New Mexico Class are readily identifiable from Defendant's own records. Prosecution of separate actions by individual members of the New Mexico Class would create the risk of inconsistent or varying adjudications with respect to individual New Mexico Class members that would establish incompatible standards of conduct for Defendant.

44. Class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the New Mexico Class, while substantial, are not great enough to enable them each to maintain separate suits against Defendant.

45. Without a class action, Defendant will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the New Mexico Class. Plaintiff does not envision any difficulty in the management of this action as a class action.

46. Plaintiff intends to send notice to the Rule 23 New Mexico Class Members to the extent required by Fed. R. Civ. 23(c).

## COUNT I

## VIOLATIONS OF NEW MEXICO MINIMUM WAGE ACT

47. The above and foregoing paragraphs are incorporated herein as if set forth in full.

48. Pursuant to NMMWA, an employer, such as Defendant, who fails to pay an

employee wages in conformance with the NMMWA shall be liable to the employee for their unpaid wages plus interest, an additional amount equal to twice the unpaid wages, and court costs and attorneys' fees incurred. *See* N.M. Stat. Ann. § 50-4-26.

49. During the relevant time period, Defendant violated and continues to violate NMMWA by employing employees and regularly and repeatedly failing to pay employees for all hours worked and failing to pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the New Mexico Class Members have suffered and will continue to suffer from a loss of income and other damages. Moreover, Plaintiff requests that this lawsuit encompass all violations that occurred as a part of Defendant's continued course of conduct regardless of the date on which they occurred.

50. Plaintiff and the New Mexico Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek pursuant to the formula outlined in N.M. Stat. Ann. § 50-4-22(D).

* * *

**PRAYER**

51. For these reasons, Plaintiff on an individual basis and on a representative basis on behalf of the New Mexico Class Members respectfully requests that judgement be entered in their favor and against Defendant, awarding Plaintiff on an individual basis and on a representative basis on behalf of the New Mexico Class Members the following relief:

a. For an Order certifying the NMMWA claim as Class Action pursuant to Fed. R. Civ. P. 23, for designation of Plaintiff as Class Representative under NMMWA, and for designation of Plaintiff's counsel as class counsel;

b. For Judgment that Defendant violated NMMWA by failing to pay Plaintiff and the NM Class Members overtime compensation;

c. For an Order awarding Plaintiff and the NM Class Members all unpaid overtime compensations, an amount equal to twice their unpaid wages as liquidated damages, interest and all available penalty wages under NMMWA;

d. For all costs and attorneys' fees incurred prosecuting this claim, as allowed by the N.M. Stat. Ann. § 50-4-26(E);

e. An order for injunctive relief pursuant to N.M. Stat. Ann. § 50-4-26(F); and

f. Any other and further relief to which Plaintiffs and the New Mexico Class Members may be entitled.

Respectfully submitted,

By: */s/ Drew N. Herrmann*
Drew N. Herrmann
N.M. Federal Bar No. 19-201
Texas Bar No. 24086523
*drew@herrmannlaw.com*
Pamela G. Herrmann
N.M. Federal Bar No. 19-215
Texas Bar No. 24104030
*pamela@herrmannlaw.com*

**HERRMANN LAW, PLLC**
801 Cherry St., Suite 2365
Fort Worth, TX 76102
(817) 479-9229 – telephone
(817) 887-1878 – fax

**-AND-**

Harold L. Lichten, pro hac vice anticipated
Massachusetts BBO # 549689
Matthew Thomson, pro hac vice anticipated
Massachusetts BBO # 682745

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Tel. 617-994-5800

Fax: 617-994-5801
hlichten@llrlaw.com
mthomson@llrlaw.com

ATTORNEYS FOR PLAINTIFF
AND CLASS MEMBERS